UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,, <br><br> Plaintiff <br><br> v. <br><br> BRANDON A. JHUN; ELSKE VAN HEMERT; LN MANAGEMENT LLC SERIES 7241 BROOK CREST; WELLS FARGO BANK, N.A., <br><br> Defendants | Case No.: 2:19-cv-01749-APG-EJY <br><br> **Order Granting Motion for Summary Judgment** <br><br> [ECF No. 26] |

Plaintiff United States of America moves for summary judgment against defendant LN Management LLC Series 7241 Brook Crest (LN). LN did not oppose the motion. The motion is supported by good cause so I will grant it.

In June 2009, defendants Brandon Jhun and Elske Van Hemert purchased the property located at 7241 Brook Crest Avenue, Las Vegas, Nevada (the Real Property). LN Management later bought the Real Property at a foreclosure sale. At that time, both Jhun and Van Hemert were indebted to the United States for federal income tax liabilities for 2008, 2009, and 2010.

The United States filed this lawsuit to obtain a judgment on the tax assessments against Jhun and Van Hemert, and to foreclose its tax liens on the Real Property and rent LN derived from it. Jhun and Van Hemert have stipulated that the tax liens have attached to their interests in the Real Property. Wells Fargo has disclaimed any interest in the Real Property. In a related case, I ruled that LN had not established that it owns the Real Property free and clear of the United States' federal tax liens. *See* Case No. 2:14-cv-1936, ECF No. 75 at 5-6. And LN has offered nothing in this case to show that the tax liens should not attach to the Real Property.

Therefore, the tax liens attach to the Real Property and LN owns the Real Property subject to the tax liens.

The United States may enforce its tax liens through a foreclosure action and have the Real Property sold. 26 U.S.C. § 7403(a).  If such a sale would impact the interests of third parties, the court should consider (1) the prejudice to the United States of a partial sale, (2) whether the third party has a legally recognized expectation that the property would not be subject to a forced sale, (3) the prejudice to the third party by virtue of relocation costs and potential undercompensation, and (4) the relative character and value of the property interests held by the delinquent taxpayer and the third party. *United States v. Rodgers*, 461 U.S. 677, 710-711 (1983).

Here, the United States would be prejudiced if it could not enforce its lien against the Real Property.  The United States is owed in excess of $97,000 and the Real Property is a valuable asset against which to enforce that lien.  LN purchased the property for less than $4,000, and it is entitled to any excess proceeds of the sale.  LN has no legally recognized expectation that the property would not be subject to tax liens.  Thus, the *Rodgers* factors favor enforcing the lien against the entire Real Property.

The United States believes the Real Property is currently rented to a third party.  Because of the COVID-19 pandemic, the United States does not intend to immediately foreclose on the Real Property.  Instead, it seeks an order requiring LN to provide an accounting of rent and expenses and to pay the United States any net proceeds received from the Real Property.  The United States could foreclose on its lien now and collect rents going forward.  It should not be prejudiced because of its willingness to delay the sale.  Under 26 U.S.C. § 7402(a), I am authorized to enter orders that are necessary or appropriate to enforce the tax code.  I will order

LN to provide the United States with an accounting and to pay any excess proceeds to the United States.

I THEREFORE ORDER that the United States' motion for summary judgment **(ECF No. 26) is GRANTED.** I direct the clerk of the court to enter judgment in favor of the United States of America and against defendant LN Management LLC Series 7241 Brook Crest as follows:

A. The United States' liens securing the outstanding federal income tax liabilities of Brandon Jhun and Elske Van Hemert attach to the Real Property located at 7241 Brook Crest Avenue, Las Vegas, Nevada (the Real Property).

B. The United States is entitled to enforce its tax liens and sell the Real Property to satisfy the indebtedness.

C. The United States may immediately move for an order to sell the Real Property or, at its discretion, it may later seek an order to sell the Real Property.

D. By December 1, 2020, LN Management shall provide an accounting to the United States of the rent and other income it has received, and the expenses it has made, for the Real Property since January 1, 2020. LN Management shall also provide to the United States copies of all current rental agreements and other contracts related to the Real Property. If LN Management is receiving net rents or other income from the Real Property, it shall pay those rents or income to the United States within 10 days of receipt, to be applied to Jhun's and Van Hemert's outstanding federal income tax liabilities.

DATED this 28th day of October, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3